# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

----------------------------------------------------------x
                                        :
In re                                   :       **Chapter 11**
                                        :
**HAWKEYE RENEWABLES, LLC, *et al.*,**[1]   :       **Case No. 09-_____ (   )**
                                        :
       **Debtors.**                  :       **(Joint Administration Requested)**
                                        :
----------------------------------------------------------x

**MOTION OF THE DEBTORS FOR AN ORDER (I) SCHEDULING A
COMBINED HEARING TO CONSIDER (A) APPROVAL OF THE DISCLOSURE
STATEMENT, (B) APPROVAL OF SOLICITATION PROCEDURES AND FORMS
OF BALLOTS, AND (C) CONFIRMATION OF THE PREPACKAGED PLAN;
(II) ESTABLISHING A DEADLINE TO OBJECT TO THE DISCLOSURE STATEMENT
AND THE PREPACKAGED PLAN; (III) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF**

Hawkeye Renewables, LLC ("Renewables") and its parent, Hawkeye Intermediate, LLC

("Intermediate"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully

represent:

### Background

1.      On the date hereof (the "Petition Date"), each of the Debtors commenced

with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). The Debtors are authorized to continue to operate their business and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. Contemporaneously herewith, the Debtors have filed a motion seeking joint

administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Hawkeye Renewables, LLC (3162) and Hawkeye Intermediate, LLC (5356). The Debtors' corporate headquarters and service address is: 224 S. Bell Avenue, Ames, Iowa 50010.

2.     Prior to the Petition Date, the Debtors solicited from their prepetition first lien lenders ("First Lien Class 3A") and prepetition second lien lenders ("Second Lien Class 4A") votes on the Debtors' *Joint Prepackaged Plan of Reorganization of Hawkeye Renewables, LLC, et al. under Chapter 11 of the Bankruptcy Code* (the "Prepackaged Plan") through their *Disclosure Statement for Debtors' Joint Prepackaged Plan of Reorganization under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"), pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. The Prepackaged Plan has been accepted by First Lien Class 3A in excess of the statutory thresholds specified in section 1126(c) of the Bankruptcy Code and has been rejected by Second Lien Class 4A. Notwithstanding the rejection of the Prepackaged Plan by Second Lien Class 4A, the Debtors believe that the Prepackaged Plan is confirmable under section 1129(b) of the Bankruptcy Code.

3.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to these chapter 11 filings is contained in the Declaration of Timothy B. Callahan in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief (the "Callahan Declaration"), filed contemporaneously herewith.

## Jurisdiction and Venue

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Proposed Prepackaged Plan[2]

5.    Contemporaneously herewith, the Debtors filed the Prepackaged Plan and the Disclosure Statement. The Debtors intend to restructure their debts in accordance with the terms of the Prepackaged Plan and that certain Restructuring Support Agreement, dated as of November 24, 2009, between the Debtors and certain holders of the First Lien Credit Agreement Claims (the "Restructuring Support Agreement"). Under the Prepackaged Plan, Class 3A consists of the portion of the First Lien Credit Agreement Claims against Renewables that are Secured Claims, and Class 4A consists of the Second Lien Credit Agreement Claims against Renewables. The only classes entitled to vote under the Prepackaged Plan are Class 3A and Class 4A. In accordance with the terms of the Prepackaged Plan, the Restructuring Support Agreement, and the Disclosure Statement, the Debtors will make the following distributions to their creditors:[3]

- Each holder of an Allowed Other Priority Claim, except to the extent that such holder (a) has been paid by the Debtors, in whole or in part, prior to the Effective Date, or (b) agrees to less favorable treatment, will receive Cash in the full amount of such Allowed Other Priority Claim.

- Each holder of an Allowed Other Secured Claim will receive the collateral securing such Claims, receive cash equal to the value of such collateral, or have such Claims reinstated.

- Each holder of a First Lien Credit Agreement Claim (approximately $593 million, in the aggregate) will receive its pro rata share of (i) $25 million of new secured term loans and (ii) all the membership interests and profit participation interests in reorganized Renewables; provided, however, that certain profit participation interests (see below) shall be distributed to the holders of Second

---

[2] Capitalized terms used but not defined in this Motion shall have the meanings ascribed to such terms in the Prepackaged Plan.

[3] The following are summaries of the provisions contained in the Disclosure Statement and Prepackaged Plan and do not purport to be precise or complete statements of all the terms and provisions of the Prepackaged Plan or documents referred to therein. In the event of any inconsistencies, the provisions of the Disclosure Statement and the Prepackaged Plan control.

Lien Credit Agreement Claims. Certain additional profit participation interests (see below) would have been distributed to the holders of Second Lien Credit Agreement Claims if they had voted to accept the Prepackaged Plan. No distributions will be made with respect to any deficiency claims of the holders of the First Lien Credit Agreement Claims.

- Each holder of a Second Lien Credit Agreement Claim (approximately $168 million, in the aggregate) will receive, from the holders of the First Lien Credit Agreement Claims, such holders' pro rata share of profit participation interests (the "Class C Units"). The Class C Units will entitle the holders to 10% of the value of all distributions in excess of $580 million. If the class of Second Lien Credit Agreement Claims had voted to accept the Prepackaged Plan, holders of claims in that class would have received additional profit participation interests (the "Class B Units"). The Class B Units would have entitled the holders of such units to 7.5% of the value of all distributions in excess of $435 million.

- Each holder of a General Unsecured Claim will receive no property under the Prepackaged Plan. The Debtors do not expect there to be General Unsecured Claims in excess of $1,000,000.

- Each holder of Equity Interests in Renewables will receive no property under the Prepackaged Plan.

- Each holder of Equity Interests in Intermediate will receive no property under the Prepackaged Plan.

6. The Prepackaged Plan and Restructuring Support Agreement provide for a comprehensive financial restructuring of the Debtors' existing capital structure that will allow the Debtors to reduce their debt by approximately $734 million and enhance their long-term growth prospects through these short and consensual chapter 11 cases.

7. As set forth more fully below, in the affidavit of the Debtors' solicitation agent (the "Epiq Affidavit"), and in the Callahan Declaration filed concurrently herewith, the Debtors solicited votes to accept or reject the Prepackaged Plan prior to the Petition Date. The Prepackaged Plan was accepted by 64.44% in number and 88.02% in amount of the holders of the

Class 3A Claims and rejected by 73.33% in number and 63.16% in amount of the Second Lien Class 4A Claims, the only impaired classes entitled to vote under the Prepackaged Plan.

## Relief Requested

8.      By this motion (the "Motion"), the Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A (the "Scheduling Order"), scheduling a combined hearing (the "Combined Hearing") to consider (a) approval of the Disclosure Statement, (b) approval of the Solicitation Procedures (as defined below) employed to solicit votes to accept or reject the Prepackaged Plan and the form of ballots, and (c) the confirmation of the Prepackaged Plan. The Scheduling Order also would (i) establish a deadline to object to the adequacy of the Disclosure Statement or confirmation of the Prepackaged Plan, (ii) authorize and approve the form and manner of notice of the Combined Hearing, and (iv) grant related relief.

9.      Below is a table highlighting the dates relevant to the Solicitation Procedures and setting forth the Debtors' proposed dates for the mailing of the Notice of Commencement (as defined below), objection and reply deadlines with respect to the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan, and the Combined Hearing, subject to the Court's availability:

| Proposed Timetable | |
| --- | --- |
| Commencement of Solicitation | November 24, 2009 |
| Voting Deadline | December 14, 2009 |
| Petition Date | December 21, 2009 |
| Mailing of Notice of Commencement | December 29, 2009 |
| Objection Deadline | February 5, 2010 |
| Reply Date (if necessary) | February 12, 2010 |
| Combined Hearing | February 16, 2010 |

## Basis for Relief

### A.    Scheduling a Combined Hearing

10.    Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice . . . to consider the disclosure statement and any objections or modifications thereto." Fed. R. Bankr. P. 3017(a).  Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a).  In addition, Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).  Further, section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may combine the hearing on approval of the disclosure statement with the hearing on confirmation of the plan.  11 U.S.C. § 105(d)(2)(B)(vi).

11.    The Debtors spent over nine months negotiating the terms of the Prepackaged Plan with holders of the First Lien Credit Agreement Claims.  Once agreement was reached, holders of the First Lien Credit Agreement Claims attempted to negotiate a consensual deal with the largest holders of the Second Lien Credit Agreement Claims.  After two months of such negotiations, the Debtors determined that it was not in their interests to further delay a restructuring.  Further delay or a protracted bankruptcy process would pose risks to the Debtors' relationships with their customer, suppliers, and employees and would potentially weaken the Debtors' ability to compete with other companies in the ethanol and distillers grains industry.  At this point, the Debtors have already accomplished the most sensitive and complex task required to effectuate a successful reorganization – negotiation of a restructuring that will convert over $750 million of debt to a combination of $25 million of debt and new membership interests for the holders of the First Lien Credit Agreement Claims who are, effectively, the residual owners of the Debtors.

US_ACTIVE:\43118401\12\51876.0004
RLF1 3518812v.1

12.     In fact, prior to the Petition Date, the Debtors completed their solicitation of votes under the Prepackaged Plan from the holders of the First Lien Credit Agreement Claims in Class 3A and the holders of the Second Lien Credit Agreement Claims in Class 4A – the only classes entitled to vote to accept or reject the Prepackaged Plan. Despite the rejection of the Prepackaged Plan by Second Lien Class 4A, First Lien Class 3A voted to accept the Prepackaged Plan in excess of the statutory thresholds specified in section 1126(c) of the Bankruptcy Code. The Debtors believe that the Prepackaged Plan is confirmable under section 1129(b) of the Bankruptcy Code notwithstanding the rejection by Second Lien Class 4A. The Debtors respectfully submit that because (i) the terms of the Prepackaged Plan were extensively negotiated prior to the Petition Date, (ii) votes thereon have been fully solicited prior to the Petition Date, and (iii) the Prepackaged Plan is confirmable, there is no reason to delay consideration of the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan. Accordingly, the Combined Hearing date of February 16, 2010 is appropriate.

13.     The proposed schedule is in the best interests of the Debtors' estates and their creditors. The proposed schedule – including the Debtors' proposal to serve the Notice of Commencement on all parties in interest and publish the Notice of Commencement on or before December 29, 2009 – will ensure all parties in interest are provided with the requisite twenty-eight (28) days' notice. Insofar as the solicitation period was completed before the Petition Date, the proposed schedule provides all parties in interest more than the required twenty-eight (28) days' notice of the Combined Hearing to evaluate and, if necessary, file an objection to the Disclosure Statement and/or the Prepackaged Plan before the proposed Combined Hearing. See Fed. R. Bankr. P. 2002(b).

14.     In addition to providing adequate notice and protecting the rights of all parties in interest, the proposed schedule also assists in the expeditious confirmation of the Prepackaged Plan. It is in the best interests of the Debtors' estates and creditors to proceed with the confirmation process as expeditiously as possible. A protracted bankruptcy process will pose certain risks to the Debtors' relationships with their customer, suppliers, and employees and may potentially weaken the Debtors' ability to compete with other companies in the ethanol and distillers grains industry. Likewise, the proposed Scheduling Order should be entered at this time so that stakeholders may be informed as promptly as possible of the anticipated scheduling of events preceding confirmation of the Prepackaged Plan.

## B.     Approval of Solicitation Procedures and Forms of Ballots

15.     The Debtors request that the Court consider, at the Combined Hearing, approval of the solicitation, balloting, tabulation, and related activities undertaken in connection with the Prepackaged Plan, all of which were undertaken and substantially completed prior to the Petition Date (collectively, the "Solicitation Procedures").

### (i)     Classes Presumed to Accept the Prepackaged Plan and Classes Deemed to Reject the Prepackaged Plan

16.     The Claims in Class 1A and Class 1B (Other Priority Claims) and Class 2 (Other Secured Claims) are unimpaired by the Prepackaged Plan. The Debtors submit that the Bankruptcy Code does not require the solicitation of votes from such holders. Section 1126(f) of the Bankruptcy Code provides:

> Notwithstanding any other provision of this section, a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required.

US_ACTIVE:\43118401\12\51876.0004
RLF1 3518812v.1

11 U.S.C. § 1126(f). Accordingly, the holders of Claims or Equity Interests in each of such classes mentioned above are conclusively presumed to accept the Prepackaged Plan and have not been solicited.

17.     The Claims in Class 5A and Class 5B (General Unsecured Claims) and Equity Interests in Class 6 (Equity Interests in Renewables) and Class 7 (Equity Interests in Intermediate) are not entitled to any distribution or to retain any property pursuant to the Prepackaged Plan. Section 1126(g) of the Bankruptcy Code provides:

> Notwithstanding any other provision of this section, a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests.

11 U.S.C. § 1126(g). Accordingly, the holders of Claims or Equity Interests in each of such classes mentioned above are conclusively deemed to reject the Prepackaged Plan and have not been solicited.

18.     The Debtors submit that, with respect to the specific classes of claims against the Debtors that were presumed to accept or deemed to reject the Prepackaged Plan, the Solicitation Procedures undertaken by the Debtors and described herein comply with the Bankruptcy Code and should be approved. The Debtors respectfully request that the Court consider approval of the Solicitation Procedures with respect to these classes at the Combined Hearing.

**(ii)     Solicitation of Classes Entitled to Vote to Accept or Reject the Prepackaged Plan**

19.     Section 1126(b) of the Bankruptcy Code expressly permits a debtor to solicit votes from a holder of a claim or interest without an approved disclosure statement when there is no non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in

connection with such solicitation if such holder was solicited before the commencement of the

bankruptcy case and such acceptance or rejection was solicited after disclosure to such holder of

adequate information, as defined in section 1125(a) of the Bankruptcy Code. 11 U.S.C.

§ 1126(b)(2). Further, Bankruptcy Rule 3018(b) provides, in pertinent part, as follows:

> A holder of a claim or interest who has accepted or rejected a plan
> before the commencement of the case under the Code shall not be
> deemed to have accepted or rejected the plan if the court finds after
> notice and hearing that the plan was not transmitted to substantially
> all creditors and equity security holders of the same class, that an
> unreasonably short time was prescribed for such creditors and
> equity security holders to accept or reject the plan, or that the
> solicitation was not in compliance with § 1126(b) of the Code.

Fed. R. Bankr. P. 3018(b).

### (iii)    Approval of Form of Ballots

20.    On November 24, 2009, the Disclosure Statement, the Prepackaged Plan,

and the form of ballots attached to the Epiq Affidavit (the "Ballots") were mailed to all holders of

impaired claims entitled to vote on the Prepackaged Plan. The Debtors established November 23,

2009 at 5:00 p.m. (prevailing Eastern Time) as the record date for determining which creditors

were entitled to vote on the Prepackaged Plan. As outlined in the Ballots, the solicitation was

made only to those creditors who were "accredited investors" as defined in Rule 501(a) of

Regulation D, 17 C.F.R. § 230.501(a), promulgated under the Securities Act of 1933, as amended,

15 U.S.C. §§ 77a-77aa. The Debtors solicited approximately ninety (90) holders of First Lien

Credit Agreement Claims and Second Lien Credit Agreement Claims. The voting period ended at

5:00 p.m. (prevailing Eastern Time) on December 14, 2009 the ("Voting Deadline"), which

provided for a solicitation period of twenty (20) days. Inasmuch as neither the First Lien Credit

Agreement Claims nor the Second Lien Credit Agreement Claims are publicly held, the Debtors

respectfully submit that the solicitation period was more than sufficient.

21.     Bankruptcy Rule 3017(d) requires a form of ballot which substantially conforms to Official Form No. 14. The Ballots are based on Official Form No. 14 but were modified to address the particular aspects of these chapter 11 cases and to be relevant and appropriate for the First Lien Credit Agreement Claims in Class 3A and the Second Lien Credit Agreement Claims in Class 4A. In addition, the Ballots were specifically designed to conform to the Prepackaged Plan.

22.     The Debtors respectfully submit that: (i) the Disclosure Statement and the Solicitation Procedures instituted in connection therewith, including the Ballots, are in full compliance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules as well as any applicable non-bankruptcy laws, rules, or regulations governing the adequacy of disclosure in connection with such solicitation; (ii) the Disclosure Statement contains adequate information to permit holders of impaired claims against the Debtors to make an informed judgment about the Prepackaged Plan pursuant to sections 1125(a) and 1126(b)(2) of the Bankruptcy Code; and (iii) the Debtors' Solicitation Procedures, including the Record Date and the Voting Deadline, complied with all the requirements of Bankruptcy Rule 3018. Accordingly, at the Combined Hearing, the Debtors will respectfully request that this Court enter the proposed Scheduling Order (i) finding that the information contained in the Disclosure Statement constitutes "adequate information" as such term is defined in section 1125(a) of the Bankruptcy Code, (ii) approving the Solicitation Procedures and the Ballots, and (iii) granting such other and further relief as the Court may deem just and proper.

## C.     Deadline and Procedures for Objections to the Disclosure Statement and the Prepackaged Plan

23.     Bankruptcy Rule 3020(b)(1) authorizes the Court to fix a time for filing objections to a plan of reorganization, and Bankruptcy Rule 3017(a) authorizes the Court to fix a

US_ACTIVE:\43118401\12\51876.0004
RLF1 3518812v.1

time for filing objections to the adequacy of a disclosure statement. Further, Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections to approval of a disclosure statement and confirmation of a plan of reorganization.

24.     The Debtors respectfully request that the Court set February 5, 2010 as the last date to file objections to approval of the Disclosure Statement or confirmation of the Prepackaged Plan (the "Objection Deadline"). The proposed Objection Deadline will provide creditors and holders of equity interests with the required twenty-eight (28) days' notice of the deadline for filing objections to the Disclosure Statement and the Prepackaged Plan, while still affording the Debtors and other parties in interest time to file a responsive brief and, if possible, resolve any objections interposed.

25.     The Debtors further request that the Court direct that any objections to the Disclosure Statement and/or the Prepackaged Plan must be in writing, filed with the Clerk of the United States Bankruptcy Court for the District of Delaware together with proof of service thereof, set forth the name of the objector, the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors, state with particularity the legal and factual basis for such objection, and comply with the Bankruptcy Rules and all applicable Local Rules. Any such objections should be served on the following parties so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on February 5, 2010: (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Michael F. Walsh, Esq.); (ii) the proposed co-attorneys for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq.); (iii) the Office of the United States Trustee for the District of Delaware,

844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Joseph McMahon, Esq.) (the "U.S. Trustee"); (iv) the attorneys for the First Lien Agent, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Michael S. Stamer, Esq.) and Robert S. Strauss Building, 1333 New Hampshire Avenue, N.W., Washington, D.C. 20036-1564 (Attn: Scott L. Alberino, Esq.); (v) the co-attorneys for the First Lien Agent, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Robert J. Dehney, Esq.); and (vi) the attorneys for the Second Lien Agent, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York 10019 (Attn: Andrew K. Glenn, Esq.).

**D.    Form and Manner of Notice of the Combined Hearing and the Commencement of These Chapter 11 Cases**

26.    The Debtors propose to serve on all parties in interest a notice and summary of the Prepackaged Plan (the "Notice of Commencement"), substantially in the form annexed hereto as Exhibit B, by first-class mail or deposit with a reputable overnight delivery service on or before December 29, 2009. The Notice of Commencement contains, inter alia: (i) the date, time, and place of the Combined Hearing; (ii) instructions for obtaining copies of the Disclosure Statement and Prepackaged Plan; (iii) the Objection Deadline and the procedures for filing objections to the Disclosure Statement and confirmation of the Prepackaged Plan; and (iv) notice of commencement of these chapter 11 cases.

27.    In addition, Bankruptcy Rule 2002(l) permits a court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." The Debtors request that this Court authorize them to give supplemental publication notice of the Combined Hearing in *The Wall Street Journal* (National Edition) on a date no less than twenty-eight (28) days prior to the Combined Hearing date.

28.     The proposed notice schedule and publication, as described above, affords parties in interest ample notice of these proceedings.

29.     Bankruptcy Rule 3017(d) provides, in pertinent part, as follows:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d). The Debtors request that the Court determine that they are not required to distribute copies of the Prepackaged Plan or the Disclosure Statement to any holder of a Claim against or Equity Interest in the Debtors within a class under the Prepackaged Plan that is deemed to accept or deemed to reject the Prepackaged Plan, unless such party makes a specific request in writing for the same. In lieu of furnishing each such holder with the Prepackaged Plan and the Disclosure Statement, the Debtors propose to send to such parties the Notice of Commencement, which sets forth the manner in which a free copy of the Prepackaged Plan and the Disclosure Statement may be obtained, including by accessing the Debtors' website at http://chapter11.epiqsystems.com/hawkeye or by contacting the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC. Accordingly, the Debtors submit that such notice satisfies the requirements of Bankruptcy Rule 3017(d).

## E.     Related Relief

30.     Section 341(a) of the Bankruptcy Code requires the U.S. Trustee to convene and preside at a meeting of creditors, and section 341(b) authorizes the U.S. Trustee to convene a meeting of equity security holders. However, section 341(e) of the Bankruptcy Code provides for the following exception:

> Notwithstanding subsections (a) and (b), the court, on the request of
> a party in interest and after notice and a hearing, for cause may
> order that the United States trustee not convene a meeting of
> creditors or equity security holders if the debtor has filed a plan as
> to which the debtor solicited acceptances prior to the
> commencement of the case.

11 U.S.C. § 341(e).

31.     As noted above, the Debtors commenced solicitation prior to the Petition

Date and obtained the requisite amount of acceptances to approve the Prepackaged Plan prior to

the Petition Date. First Lien Class 3A voted to accept the Prepackaged Plan in excess of the

statutory thresholds specified in section 1126(c) of the Bankruptcy Code. The Prepackaged Plan

is intended to accomplish an expeditious emergence from chapter 11 and the Debtors intend to

proceed accordingly. As such, the Debtors submit that ample cause exists for this Court to direct

the U.S. Trustee not to convene a meeting of creditors or equity security holders unless the

Prepackaged Plan is not confirmed within ninety (90) days after the Petition Date.

### The Relief Requested Is Appropriate

32.     The relief requested is further supported by the prepackaged nature of these

chapter 11 cases. As set forth above and in greater detail in the Callahan Declaration and the Epiq

Affidavit, the Debtors solicited votes on the Prepackaged Plan from all classes of holders of

claims entitled to vote on the Prepackaged Plan. The votes tabulated and received from these

classes demonstrate First Lien Class 3A voted to accept the Prepackaged Plan. Despite Second

Lien Class 4A's rejection of the Prepackaged Plan, the Debtors believe the Prepackaged Plan is

confirmable under section 1129(b) of the Bankruptcy Code. The most critical and complex task

required to effectuate a successful reorganization – the negotiation and formulation of a chapter 11

plan of reorganization – has already been accomplished. Thus, the Debtors respectfully submit

that, given the circumstances of these prepackaged chapter 11 cases, the relief requested herein is

appropriate. Indeed, such relief is necessary to close the transactions specified in the Restructuring Support Agreement, assist the Debtors in obtaining expeditious confirmation of the Prepackaged Plan with the least possible disruption or harm to their business, and ensure the Debtors' continued viability. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

33.     No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. The Debtors shall serve notice of this Motion on: (a) the U.S. Trustee, (b) the Debtors' thirty (30) largest unsecured creditors (on a consolidated basis), and (c) counsel to the agents for the Debtors' prepetition secured lenders (collectively, the "Notice Parties"). As this Motion is seeking first-day relief, notice of this Motion and any order entered hereon will be served on all parties required by Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware. The Debtors submit that no other or further notice need be provided.

## No Previous Request

34.     No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the proposed Scheduling Order attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 21, 2009
Wilmington, Delaware

*Katherine Good*

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Mark D. Collins (No. 2981)
L. Katherine Good (No. 5101)
(302) 651-7700

- and -

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Michael F. Walsh
(212) 310-8000

*Proposed Attorneys for the Debtors and Debtors in Possession*

**Exhibit A to Motion**

**Scheduling Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                      :
In re                                 :    Chapter 11
                                      :
HAWKEYE RENEWABLES, LLC, et al.,[1]   :    Case No. 09-_____ (   )
                                      :
          Debtors.                    :    (Jointly Administered)
                                      :
-------------------------------------------------------x
```

## ORDER (I) SCHEDULING A COMBINED HEARING
## TO CONSIDER (A) APPROVAL OF THE DISCLOSURE STATEMENT,
## (B) APPROVAL OF SOLICITATION PROCEDURES AND FORM OF BALLOTS,
## AND (C) CONFIRMATION OF THE PREPACKAGED PLAN; (II) ESTABLISHING
## A DEADLINE TO OBJECT TO THE DISCLOSURE STATEMENT
## AND THE PREPACKAGED PLAN; (III) APPROVING THE FORM AND
## MANNER OF NOTICE THEREOF; AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Hawkeye Renewables, LLC ("Renewables")

and its parent, Hawkeye Intermediate, LLC ("Intermediate"), as debtors and debtors in

possession (collectively, the "Debtors"), for an order (the "Scheduling Order") (I) scheduling a

combined hearing to consider (a) approval of the Prepackaged Plan and the Disclosure

Statement; (b) approval of the solicitation of votes, voting procedures, and form of ballots (the

"Ballots") mailed to all holders of impaired claims entitled to vote on the Prepackaged Plan; and

(c) confirmation of the Prepackaged Plan; (II) establishing a deadline to object to the adequacy

of the Disclosure Statement or confirmation of the Prepackaged Plan; (III) approving the form

and manner of notice thereof; and (IV) granting related relief, all as more fully set forth in the

Motion; and upon consideration of the Callahan Declaration and the Epiq Affidavit; and the

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Hawkeye Renewables, LLC (3162) and Hawkeye Intermediate, LLC (5356). The Debtors' corporate headquarters and service address is: 224 S. Bell Avenue, Ames, Iowa 50010.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

been provided to the Notice Parties, and no other or further notice being necessary; and the Court

having determined that the relief sought in the Motion is in the best interests of the Debtors and

their respective estates, their creditors, and all parties in interest; and the Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent set forth herein; and it is

further

ORDERED that a hearing to consider compliance with disclosure and solicitation

requirements and confirmation of the Debtors' Prepackaged Plan (the "Combined Hearing") is

hereby scheduled to be held before this Court on February __, 2010 at __:__ __.m. (prevailing

Eastern Time) or as soon thereafter as counsel may be heard; and it is further

ORDERED that any objections to the Disclosure Statement and/or the

Prepackaged Plan shall be in writing, filed with the Clerk of the United States Bankruptcy Court

for the District of Delaware together with proof of service thereof, set forth the name of the

objector, the nature and amount of any claim or interest asserted by the objector against the

estate or property of the Debtors, state with particularity the legal and factual basis for such

objection, and if such objection relates to the adequacy of the Disclosure Statement, provide the

specific text of the disclosure which the objecting party believes to be inappropriate, and served

so as to be received no later than February __, 2010 at 4:00 p.m. (prevailing Eastern Time) upon the following: (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Michael F. Walsh, Esq.); (ii) the proposed co-attorneys for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq.); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Joseph McMahon, Esq.) (the "U.S. Trustee"); (iv) the attorneys for the First Lien Agent, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Michael S. Stamer, Esq.) and Robert S. Strauss Building, 1333 New Hampshire Avenue, N.W., Washington, D.C. 20036-1564 (Attn: Scott L. Alberino, Esq.); (v) the co-attorneys for the First Lien Agent, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Robert J. Dehney, Esq.); and (vi) the attorneys for the Second Lien Agent, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York 10019 (Attn: Andrew K. Glenn, Esq.); and it is further

ORDERED that any objections not timely filed and served in the manner set forth in this Order shall not be considered and shall be overruled; and it is further

ORDERED that notice of the Combined Hearing substantially in the form proposed in the Motion and the form of notice attached hereto as Exhibit 1 (the "Notice of Commencement") shall be deemed good and sufficient notice of the Combined Hearing and no other or further notice need be given; provided, however, that consistent with Bankruptcy Rule 3017(d), the Debtors are not required to distribute the Disclosure Statement and the Prepackaged Plan to unimpaired parties or any parties in interest other than as prescribed in this Order; provided further, however, that the Disclosure Statement and Prepackaged Plan shall be provided

in either electronic or paper form to any parties in interest upon written request to the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC and shall be available at the Debtors' website established in connection with these chapter 11 cases (http://chapter11.epiqsystems.com/hawkeye); and it is further

ORDERED that service of the Notice of Commencement as set forth in the Motion and herein is and shall be sufficient notice of the commencement of these chapter 11 cases, the Combined Hearing, the Objection Deadline, and procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Prepackaged Plan; and it is further

ORDERED that the Debtors are authorized pursuant to Bankruptcy Rule 2002(l) to give supplemental publication notice of the Combined Hearing by one-time publication in *The Wall Street Journal* (National Edition) no less than twenty-eight (28) days prior to the Combined Hearing; and it is further

ORDERED that the meeting pursuant to section 341(a) of the Bankruptcy Code shall not be convened and is hereby cancelled unless the Prepackaged Plan has not been confirmed within ninety (90) days after the Petition Date; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2009
      Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

RLF1 3518812v.1

**Exhibit 1 to Order**

**Notice of Commencement**

```
--------------------------------------------------------------------x
                                              :
In re                                         :        Chapter 11
                                              :
HAWKEYE RENEWABLES, LLC, et al.,¹             :        Case No. 09-_____ (   )
                                              :
            Debtors.                          :        (Jointly Administered)
                                              :
--------------------------------------------------------------------x
```

**NOTICE OF (I) COMMENCEMENT OF CHAPTER 11 CASES, (II) COMBINED
HEARING TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT
AND PREPETITION SOLICITATION PROCEDURES AND TO CONFIRM
PREPACKAGED PLAN, AND (III) ESTABLISHMENT OF OBJECTION DEADLINE**

**NOTICE IS HEREBY GIVEN** as follows:

## COMMENCEMENT OF CHAPTER 11 CASES

1.     On December 21, 2009, Hawkeye Renewables, LLC and its parent company, Hawkeye Intermediate, LLC (collectively, the "Debtors") filed petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). To effectuate a restructuring of their balance sheets, the Debtors have filed a proposed plan of reorganization (the "Prepackaged Plan") and a proposed disclosure statement (the "Disclosure Statement"). Currently, the Debtors continue to operate their business in the ordinary course and perform their obligations in accordance with the orders that have been entered by the Bankruptcy Court.

2.     Copies of the Prepackaged Plan and Disclosure Statement are available free of charge at the website established by the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC: http://chapter11.epiqsystems.com/hawkeye. Additionally, all documents filed in these cases are available for review at the office of the clerk of the Bankruptcy Court at 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time) and at the Bankruptcy Court's website at http://www.deb.uscourts.gov (please note that a password is required to log in). Copies of filings may also be obtained free of charge by written request to the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC:

Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Hawkeye Renewables, LLC (3162) and Hawkeye Intermediate, LLC (5356). The Debtors' corporate headquarters and service address is: 224 S. Bell Avenue, Ames, Iowa 50010.

## COMBINED HEARING ON THE ADEQUACY OF THE
## DISCLOSURE STATEMENT AND PREPETITION SOLICITATION
## PROCEDURES AND CONFIRMATION OF THE PREPACKAGED PLAN

3.      The Bankruptcy Court has established the deadlines and procedures described in this notice and scheduled a combined hearing (the "Combined Hearing") to (i) approve the adequacy of the Disclosure Statement, (ii) approve the prepetition solicitation procedures (the "Prepetition Solicitation Procedures") and (iii) confirm the Prepackaged Plan.

4.      The Combined Hearing is scheduled for **February 16, 2010 at _:00 _.m. (prevailing Eastern Time)** and will be held before the Honorable _____ in Courtroom __ at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, __ Floor, Wilmington, Delaware 19801. The Bankruptcy Court may reschedule the date and time of the Combined Hearing or continue the Combined Hearing without further notice other than by announcement in open court at the Combined Hearing or by the posting of a notice on the electronic case filing docket. A copy of the notice, if any, will also be available at the Debtors' website at http://chapter11.epiqsystems.com/hawkeye.

## DEADLINES AND PROCEDURES FOR FILING
## OBJECTIONS TO THE ADEQUACY OF THE
## DISCLOSURE STATEMENT OR THE PREPETITION SOLICITATION
## PROCEDURES OR TO CONFIRMATION OF THE PREPACKAGED PLAN

5.      The Bankruptcy Court has established **February 5, 2010 at 4:00 p.m. (prevailing Eastern Time)** as the deadline for filing and serving objections to the approval of the Disclosure Statement, the Prepetition Solicitation Procedures and/or confirmation of the Prepackaged Plan (the "Objection Deadline").

6.      Any objections to the Disclosure Statement, the Prepetition Solicitation Procedures and/or the Prepackaged Plan must: (i) be in writing, (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (iii) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors, and (iv) state with particularity the legal and factual basis for such objection and, if such objection relates to the adequacy of the Disclosure Statement, provide the specific text of the disclosure which the objecting party believes to be inappropriate.

7.      All objections must be both: (i) filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, together with proof of service of the objection, **no later than February 5, 2010 at 4:00 p.m. (prevailing Eastern Time)** and (ii) served on the following parties so as to be RECEIVED by such parties **no later than February 5, 2010 at 4:00 p.m. (prevailing Eastern Time)**: (a) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Michael F. Walsh, Esq.); (b) the proposed co-attorneys for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq.); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite

RLF1 3518812v.1

2207, Wilmington, Delaware 19801 (Attn: Joseph McMahon, Esq.) (the "U.S. Trustee"); (d) the attorneys for the First Lien Agent, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Michael S. Stamer, Esq.) and Robert S. Strauss Building, 1333 New Hampshire Avenue, N.W., Washington, D.C. 20036-1564 (Attn: Scott L. Alberino, Esq.); (e) the co-attorneys for the First Lien Agent, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Robert J. Dehney, Esq.); and (f) the attorneys for the Second Lien Agent, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York 10019 (Attn: Andrew K. Glenn, Esq.).

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**THIS NOTICE IS NOT A SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PREPACKAGED PLAN. SUCH SOLICITATION HAS ALREADY BEEN COMPLETED.**

Dated: December __, 2009
    Wilmington, Delaware

BY ORDER OF THE COURT

**WEIL, GOTSHAL & MANGES LLP**        **RICHARDS, LAYTON & FINGER, P.A.**

767 Fifth Avenue                      One Rodney Square
New York, New York  10153             920 North King Street
Michael F. Walsh                      Wilmington, Delaware  19801
(212) 310-8000                        Mark D. Collins (No. 2981)
                                      (302) 651-7700

*Proposed Attorneys for the Debtors and Debtors in Possession*

3

**Exhibit B to Motion**

**Notice of Commencement**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-----------------------------------------------------------------x
                                        :
In re                                   :      Chapter 11
                                        :
HAWKEYE RENEWABLES, LLC, et al.,¹       :      Case No. 09-_____ (   )
                                        :
            Debtors.                    :      (Jointly Administered)
                                        :
-----------------------------------------------------------------x
```

**NOTICE OF (I) COMMENCEMENT OF CHAPTER 11 CASES, (II) COMBINED HEARING TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT AND PREPETITION SOLICITATION PROCEDURES AND TO CONFIRM PREPACKAGED PLAN, AND (III) ESTABLISHMENT OF OBJECTION DEADLINE**

**NOTICE IS HEREBY GIVEN** as follows:

### COMMENCEMENT OF CHAPTER 11 CASES

1.          On December 21, 2009, Hawkeye Renewables, LLC and its parent company, Hawkeye Intermediate, LLC (collectively, the "Debtors") filed petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). To effectuate a restructuring of their balance sheets, the Debtors have filed a proposed plan of reorganization (the "Prepackaged Plan") and a proposed disclosure statement (the "Disclosure Statement"). Currently, the Debtors continue to operate their business in the ordinary course and perform their obligations in accordance with the orders that have been entered by the Bankruptcy Court.

2.          Copies of the Prepackaged Plan and Disclosure Statement are available free of charge at the website established by the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC: http://chapter11.epiqsystems.com/hawkeye. Additionally, all documents filed in these cases are available for review at the office of the clerk of the Bankruptcy Court at 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time) and at the Bankruptcy Court's website at http://www.deb.uscourts.gov (please note that a password is required to log in). Copies of filings may also be obtained free of charge by written request to the Debtors' claims and noticing agent, Epiq Bankruptcy Solutions, LLC:

Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

---

¹ The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Hawkeye Renewables, LLC (3162) and Hawkeye Intermediate, LLC (5356). The Debtors' corporate headquarters and service address is: 224 S. Bell Avenue, Ames, Iowa 50010.

## COMBINED HEARING ON THE ADEQUACY OF THE
## DISCLOSURE STATEMENT AND PREPETITION SOLICITATION
## PROCEDURES AND CONFIRMATION OF THE PREPACKAGED PLAN

3.     The Bankruptcy Court has established the deadlines and procedures described in this notice and scheduled a combined hearing (the "Combined Hearing") to (i) approve the adequacy of the Disclosure Statement, (ii) approve the prepetition solicitation procedures (the "Prepetition Solicitation Procedures") and (iii) confirm the Prepackaged Plan.

4.     The Combined Hearing is scheduled for **February 16, 2010 at _:00 _.m. (prevailing Eastern Time)** and will be held before the Honorable _____ in Courtroom ___ at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, ___ Floor, Wilmington, Delaware 19801. The Bankruptcy Court may reschedule the date and time of the Combined Hearing or continue the Combined Hearing without further notice other than by announcement in open court at the Combined Hearing or by the posting of a notice on the electronic case filing docket. A copy of the notice, if any, will also be available at the Debtors' website at http://chapter11.epiqsystems.com/hawkeye.

## DEADLINES AND PROCEDURES FOR FILING
## OBJECTIONS TO THE ADEQUACY OF THE
## DISCLOSURE STATEMENT OR THE PREPETITION SOLICITATION
## PROCEDURES OR TO CONFIRMATION OF THE PREPACKAGED PLAN

5.     The Bankruptcy Court has established **February 5, 2010 at 4:00 p.m. (prevailing Eastern Time)** as the deadline for filing and serving objections to the approval of the Disclosure Statement, the Prepetition Solicitation Procedures and/or confirmation of the Prepackaged Plan (the "Objection Deadline").

6.     Any objections to the Disclosure Statement, the Prepetition Solicitation Procedures and/or the Prepackaged Plan must: (i) be in writing, (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (iii) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors, and (iv) state with particularity the legal and factual basis for such objection and, if such objection relates to the adequacy of the Disclosure Statement, provide the specific text of the disclosure which the objecting party believes to be inappropriate.

7.     All objections must be both: (i) filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, together with proof of service of the objection, **no later than February 5, 2010 at 4:00 p.m. (prevailing Eastern Time)** and (ii) served on the following parties so as to be RECEIVED by such parties **no later than February 5, 2010 at 4:00 p.m. (prevailing Eastern Time)**: (a) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Michael F. Walsh, Esq.); (b) the proposed co-attorneys for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq.); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite

2207, Wilmington, Delaware 19801 (Attn: Joseph McMahon, Esq.) (the "U.S. Trustee"); (d) the attorneys for the First Lien Agent, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Michael S. Stamer, Esq.) and Robert S. Strauss Building, 1333 New Hampshire Avenue, N.W., Washington, D.C. 20036-1564 (Attn: Scott L. Alberino, Esq.); (e) the co-attorneys for the First Lien Agent, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347 (Attn: Robert J. Dehney, Esq.); and (f) the attorneys for the Second Lien Agent, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York 10019 (Attn: Andrew K. Glenn, Esq.).

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**THIS NOTICE IS NOT A SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PREPACKAGED PLAN. SUCH SOLICITATION HAS ALREADY BEEN COMPLETED.**

Dated: December __, 2009
      Wilmington, Delaware

BY ORDER OF THE COURT

| **WEIL, GOTSHAL & MANGES LLP** | **RICHARDS, LAYTON & FINGER, P.A.** |
|---|---|
| 767 Fifth Avenue | One Rodney Square |
| New York, New York 10153 | 920 North King Street |
| Michael F. Walsh | Wilmington, Delaware 19801 |
| (212) 310-8000 | Mark D. Collins (No. 2981) |
| | (302) 651-7700 |

*Proposed Attorneys for the Debtors and Debtors in Possession*