UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
                                    :
In re                               :    Chapter 11
                                    :
HAWKEYE RENEWABLES, LLC, *et al.*,[1]  :    Case No. 09-14461 (KJC)
                                    :
           Debtors.                 :    (Jointly Administered)
                                    :
------------------------------------------------------------x

## MOTION FOR AN ORDER AUTHORIZING DEBTORS TO FILE DEBTORS' REPLY TO LIMITED OBJECTION OF SECOND LIEN AGENT TO APPROVAL OF FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, AND (II) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO SECTION 105, 361, AND 363 OF THE BANKRUPTCY CODE

Hawkeye Renewables, LLC ("Renewables") and its parent, Hawkeye Intermediate, LLC ("Intermediate"), as debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for entry of an order pursuant to Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file a reply (the "Reply") in response to the Limited Objection of the Second Lien Agent to Approval of Final Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, and (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 105, 361, and 363 of the Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Hawkeye Renewables, LLC (3162) and Hawkeye Intermediate, LLC (5356). The Debtors' corporate headquarters and service address is: 224 S. Bell Avenue, Ames, Iowa 50010.

RLF1 3528056v.1

Code [Docket No. 68] (the "Objection") filed by Wilmington Trust FSB (the "Second Lien Agent"). In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On December 21, 2009, the Debtors filed the Motion of the Debtors Pursuant to Sections 105(a), 361, and 363 of the Bankruptcy Code For Entry of an Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Scheduling a Final Hearing [Docket No. 9] (the "Motion").[2]

3. On December 22, 2009, the Court entered the Interim Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (II) Providing Adequate Protection to the Prepetition Secured Parties Pursuant to Sections 105, 361, and 363 of the Bankruptcy Code, and (III) Scheduling a Final Hearing [Docket No. 45] (the "Interim Order").

4. On January 15, 2010, the Second Lien Agent filed the Objection. The Second Lien Agent's objection argues that the second lien lenders should receive adequate protection in the form of payment of their professional fees and releases for prepetition acts.

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

## Relief Requested

5. By this Motion, the Debtors seek authority, pursuant to Local Rule 9006-1, to file the Reply in order to address the issues raised in the Objection. The Reply that the Debtors seek authority to file is attached hereto as <u>Exhibit A</u>.

## Basis for Relief

6. Pursuant to Local Rule 9006-1(d), "[r]eply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." <u>See</u> Del. Bankr. L.R. 9006-1(d).

7. The agenda for the January 19, 2010 hearing was due by 12:00 p.m. on January 14, 2010. Accordingly, absent leave of Court, the Debtors would be unable to file the Reply in compliance with Local Rule 9006-1(d). The Debtors believe, however, that the Reply is necessary to fully inform the Court of the issues presented in the Objection, which was not filed until after the deadline for filing a reply, and provide further guidance to the Court in ruling on the Application. Additionally, the Debtors believe that the Court's consideration of the Reply will help streamline closing argument on this matter.

## Notice

8. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on: (a) the U.S. Trustee, (b) the Debtors' thirty (30) largest unsecured creditors (on a consolidated basis), (c) counsel to the agents for the Debtors' prepetition secured lenders, and (d) all parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002

(collectively, the "Notice Parties"). The Debtors submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit B, authorizing the Debtors to file the Reply.

Dated: January 18, 2010
       Wilmington, Delaware

                                        /s Katherine Good
                                RICHARDS, LAYTON & FINGER, P.A.
                                One Rodney Square
                                920 North King Street
                                Wilmington, Delaware 19801
                                Mark D. Collins (No. 2981)
                                L. Katherine Good (No. 5101)
                                (302) 651-7700

                                - and -

                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Michael F. Walsh
                                (212) 310-8000

                                *Proposed Attorneys for the Debtors and*
                                *Debtors in Possession*