UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11
                                                               :
HAWKEYE RENEWABLES, LLC, et al.,[1]                            :    Case No. 09-14461 (KJC)
                                                               :
        Debtors.                                               :    (Jointly Administered)
                                                               :    Re: Docket Nos. 97, 181, 198
---------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) FOR AUTHORITY TO RETAIN AND EMPLOY BLACKSTONE ADVISORY PARTNERS, L.P. AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of Hawkeye Renewables, LLC ("Renewables") and its parent, Hawkeye Intermediate, LLC ("Intermediate"), as debtors and debtors in possession (collectively, the "Debtors") pursuant to sections 327(a) and 328(a) of title 11 of the Bankruptcy Code and Bankruptcy Rule 2014(a) for authority to retain and employ Blackstone Advisory Partners, L.P. ("Blackstone") for the purpose of providing investment banking and financial advisory services to the Debtors in connection with their chapter 11 cases, in accordance with the terms of the Letter Agreement, all as more fully set forth in the Application; and upon consideration of the Blackstone Declarations and the Supplemental Declaration of Robert J. Gentile in Support of the Debtors' Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) for Authority to Retain and Employ Blackstone Advisory Partners L.P. as Financial Advisor Nunc Pro Tunc to the

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Hawkeye Renewables, LLC (3162) and Hawkeye Intermediate, LLC (5356). The Debtors' corporate headquarters and service address is: 224 S. Bell Avenue, Ames, Iowa 50010.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

Commencement Date (the "Supplemental Declaration"); and the Court being satisfied, based on the representations made in the Application, the Blackstone Declarations and the Supplemental Declaration, that Blackstone is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b), and represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the Notice Parties, and no other or further notice being necessary; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors and their respective estates, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, the Court hereby ORDERS that:

1. The Application is GRANTED *nunc pro tunc* to the Petition Date to the extent provided herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors are authorized to retain and employ Blackstone as financial advisor as of the Petition Date on the terms set forth in the Letter Agreement, the Application, and this Order.

3. Notwithstanding any contrary provision regarding timing of payment contained in the Letter Agreement, Blackstone shall apply for compensation and reimbursement

in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, and subject to the approval of this Court and the procedures set forth in the Application, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and the further orders of this Court; provided, however, that Blackstone (i) shall be required to maintain time records in one-hour increments and (ii) shall not be required to maintain receipts for individual expenses in amounts less than $75; provided, however, that Blackstone shall itemize all expenses in its fee applications regardless of amount.

4. Subject to paragraph 5 of this Order, Blackstone's post-filing compensation in accordance with the terms of the Letter Agreement shall not hereafter be subject to challenge except under the standard of review under section 328(a) of the Bankruptcy Code; provided, however, that the U. S. Trustee retains the right to object to Blackstone's compensation on any basis, including under the "reasonableness" standard set forth in section 330 of the Bankruptcy Code.

5. This Order shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Blackstone's compensation under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Blackstone's compensation. Further, nothing in the Letter Agreement shall affect or modify the standard of review applicable to an objection by the U.S. Trustee under this paragraph.

6. The indemnification obligations of the Debtors set forth in <u>Attachment A</u> to the Letter Agreement are approved, subject during the pendency of these chapter 11 cases to the following:

   a. Blackstone shall not be entitled to indemnification, contribution or reimbursement pursuant to the Indemnification Agreement for services under the Letter Agreement or otherwise, unless such services and the amount of such indemnification, contribution, or reimbursement therefor are approved by the Bankruptcy Court;

   b. The Debtors shall have no obligation to indemnify Blackstone, or provide contribution or reimbursement to Blackstone, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Blackstone's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtors allege the material breach of Blackstone's contractual obligations unless the Court or an appellate court reviewing this Court determines that the indemnification, contribution, or reimbursement would not be prohibited by <u>In re United Artists Theatre Co.</u>, 351 F.3d 217 (3d Cir. 2003) or other applicable law; <u>provided</u> that in any further proceedings in this Court or on appeal related to this clause (ii), Blackstone shall not be deemed to have consented to such clause; or (iii) settled prior to a judicial determination as to Blackstone's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith, or self-dealing but determined by the Bankruptcy Court, after notice and a hearing, to be a claim or expense for which Blackstone should not receive indemnity, contribution, or reimbursement under the terms of the Indemnification Agreement for services under the Letter Agreement;

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the chapter 11 cases of the Debtors (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the chapter 11 cases of the Debtors, Blackstone believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' obligations under the Indemnification Agreement (as modified by the order of the Bankruptcy Court approving the Indemnification Agreement), including without limitation the advancement of defense costs, Blackstone must file an application therefor in the Bankruptcy Court, and the Debtors may not pay such amounts to Blackstone before the entry of an order by the Bankruptcy Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Bankruptcy Court shall have jurisdiction over any request for fees and expenses by Blackstone for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Blackstone; and

   d. The statement "provided, however, to the extent permitted by applicable law, in no event shall your aggregate contribution to the amount paid or payable exceed

the aggregate amount of fees actually received by you under the Engagement Letter" is hereby deleted from paragraph 2 of <u>Attachment A</u> to the Letter Agreement.

7. To the extent that there may be any inconsistency between the terms of the Application, the Letter Agreement, and this Order, the terms of this Order shall govern.

8. Notice of the Application as provided therein and in this Order shall be deemed good and sufficient notice of the Application.

9. Notwithstanding any provision to the contrary in the Letter Agreement, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of the Application, the Letter Agreement, and this Order.

Dated: March 16, 2010
Wilmington, Delaware

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE